**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CLARA SHEPHERD WARRICK and JIMMY LEE WEARY,** | § § § | |
| **Plaintiffs,** | § § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:13-cv-00987** |
| **WILLIAM ROBERTS, II, ANDRE YOUNG, SHAWN CARTER, JACOB DUTTON, UNIVERSAL MUSIC GROUP, INC., UNIVERSAL MUSIC PUBLISHING GROUP, and ISLAND DEF JAM MUSIC GROUP,** | § § § § § § § | **JURY TRIAL REQUESTED** |
| **Defendants.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND
<u>APPLICATION FOR INJUNCTIVE RELIEF</u>**

1.      Plaintiffs Clara Shepherd Warrick and Jimmy Lee Weary file this Complaint for Damages and Application for Injunctive Relief against Defendants William Roberts, II, ("Rick Ross"), Shawn Carter ("Jay Z") Andre Young ("Dr. Dre") Jacob Dutton ("Jake One"), Universal Music Group, Inc., Universal Music Publishing Group, and Island Def Jam Music Group (collectively referred to as "Defendants") and aver as follows:

<u>NATURE OF THE ACTION</u>

2.      This is an action for direct and contributory copyright infringement and unfair competition arising out of Defendants' knowing and willful conduct.  Defendants have hijacked music and lyrics that were written by Plaintiffs to be performed only as spiritually uplifting gospel music and have laced Plaintiffs' gospel work with unsavory language such as "[i]f you real motherf***er scream cheers," "[i]f the b**** bad I got her in red bottoms," "I only love her when that a** fat," "[c]ome and suck a d*** for a millionaire," "N****s couldn't f*** with my daughter's room,"

"I whip the coke [cocaine], let the lawyer beat the case," and "spray these n****s baby just like daddy taught ya."

3.     Defendants' use of Plaintiffs' work in the manner used continues to destroy the commercial value of the song in gospel circles.  Defendants' use of Plaintiffs' work is also destroying rather than enhancing the overall integrity and longevity of Plaintiffs' gospel song. After the current use of Plaintiffs' copyrighted work on the rap album by Rick Ross, Dr. Dre, Jay Z and Jake One, Plaintiffs' song will soon have no value in the gospel community.

4.     Additionally, due to a recent Grammy nomination for the Rick Ross album containing Plaintiffs' work, the likelihood of irreparable harm to Plaintiffs has been greatly enhanced by the potential for a worldwide airing of the Defendants' infringing song or re-release of the Defendants' song.

5.     Defendants have already committed and are continuing to commit copyright infringement by copying, sampling from, performing and distributing derivative copies of Plaintiffs' work without Plaintiffs' authorization and against Plaintiffs' objections.

6.     Defendants are acutely aware of the infringing activity occurring through their actions.  Defendants' conduct has caused and continues to cause Plaintiffs grave and irreparable harm.  Plaintiffs seek to recover damages for Defendants' copyright infringement and other torts, as well as injunctive relief enjoining further distribution or performance of Defendants' song and album that incorporates Plaintiffs' song.

## JURISDICTION AND VENUE

7.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338 because this action, in part, is an action for copyright infringement and injunctive relief brought pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq.*  This Court has jurisdiction over the state law claims under principles of pendent and ancillary jurisdiction.  This Court also has

personal jurisdiction over non-resident Defendants under this state's long-arm statute, because Defendants have had specific and continuous or systematic general business contacts within this state such as, inter alia, musical performances within this state and district, selling the infringing record in this state and making it possible for this state's residents to purchase the infringing song online and download it within this state.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and § 1400(a). On information and belief, Defendants have done business in this district, Defendants have appeared as parties in previous matters before this court, and/or Defendants' acts of infringement have occurred in this district. Defendants' illegal dissemination of Plaintiffs' work occurred and continues to occur in the Northern District of Illinois.

## **PARTIES**

9. Clara Shepherd Warrick ("Shepherd") is an individual and a citizen of the State of Arizona.

10. Jimmy Lee Weary ("Weary") is an individual and a citizen of the State of Mississippi.

11. Defendant William Roberts, II is an individual and a citizen of the State of Florida. Rick Ross is engaged in writing, publishing, performing and producing music as well as selling products related to music.

12. Defendant Shawn Carter is an individual and a citizen of the State of New York. Carter is engaged in writing, publishing, performing and producing music as well as selling products related to music. Carter may be served at 1411 Broadway, 39th Floor, New York, NY 10018.

13.     Defendant Andre Young is an individual and a citizen of the State of California. Young is engaged in writing, publishing, performing and producing music as well as selling products related to music.

14.     Defendant Jacob Brian Dutton is an individual and, upon information and belief, a citizen of the State of Minnesota.  Dutton is engaged in writing, publishing, and producing music as well as selling products related to music.

15.     Upon information and belief, defendant Universal Music Group ("UMG") is a corporate parent of Universal Music Publishing, Inc. and is a Delaware corporation having an address at 2100 Colorado Avenue, Santa Monica, CA  90404.  UMG's agent for service of process is CT Corporation, 818 W 7th St, Suite 200, Los Angeles, CA 90017.

16.     Defendant Universal Music Publishing Group ("UMPG") is a global music publishing operation, a division of UMG, and is a Delaware corporation having an address at 2100 Colorado Avenue, Santa Monica, CA  90404.  UMPG's agent for service of process is CT Corporation, 818 W 7th St, Suite 200, Los Angeles, CA 90017.

17.     Defendant Island Def Jam Music Group ("Def Jam") is a record label, a division of UMG Recordings, Inc., and is a Delaware corporation having an address at 2100 Colorado Avenue, Santa Monica, CA  90404.  Def Jam's agent for service of process is CT Corporation, 818 W 7th St, Suite 200, Los Angeles, CA 90017.

## FACTS

18.     In or about 1976, Plaintiffs created an original work entitled *I'm So Grateful* (Keep in Touch) ("Plaintiffs' Song").  Plaintiffs' interest in the music and lyrics comprising Plaintiffs' Song has been recorded with the United States Copyright Office.

19.     Plaintiffs' Song was first distributed circa 1976 by their gospel singing group, Crowns of Glory, on an album titled *God Save the Children*.  Since the release of the song, Shepherd and/or Weary have performed Plaintiffs' Song all over the world.

20.     Since the music and lyrics were written, Plaintiffs have been the sole proprietor of all rights, title and interest in and to the copyright on Plaintiffs' Song.  Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Plaintiffs own the exclusive rights, among others, to reproduce in copies their copyrighted work, to distribute copies to the public of their copyrighted works, to publicly perform their copyrighted works, to publicly display their copyrighted works and to make derivative works based upon their copyrighted work.

21.     Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Plaintiffs also own the exclusive rights to authorize others to exercise the rights set forth in preceding paragraph.  At the time the Plaintiffs' Song was used by Defendants, Plaintiffs possessed these exclusive rights.

22.     On or about July 31, 2012, Rick Ross and Def Jam released the rap album entitled *God Forgives - I Don't*.  This rap album contains a song entitled *3 Kings*, which was produced by Jake One and feature lyrical rap presentations by Rick Ross, Dr. Dre, and Jay Z.

23.     Defendants sampled and copied additional, substantial original elements of Plaintiffs' Song without Plaintiffs' permission, when they wrote, recorded, performed and made derivative works of the *3 Kings* song.

24.     The lyrics that were written and performed by Rick Ross, Dr. Dre and Jay Z, which overlay Plaintiffs' Song are as follows:

### [Dr. Dre's lyrics]

Yeah, classic hip hop s***
Dr. D-R-E, Rozay and Jay
Let's get 'em
We started out mopping floors

*Complaint for Damages and Injunctive Relief – Page 5*

Now we front row at the awards
Number 1 for the last 20 years
If you real motherf***** scream cheers
Motherf****** scream cheers
And it is what it is
He wanted to shine at the swap meet
Til the white boys got him in that hot seat
Only love it when her hair long
You should listen to this beat through my headphones
Money long, number 1, 20 years strong
F*** a gym, I am him, Andre Young
G5′s to ′64′s, Dre got 'em
If the b**** bad I got her in red bottoms
Great weed, nice homes, bread proper
Tech 9, long chamber, top shotta
Bentley coupe, new yacht, my helicopter
Born broke, real n**** straight outta Compton
The f*** you magazine n****s want from me?
I rewrote the game n****, now talk money
All black on my Al Capone s***
I built the house, n**** get ya own s***
I only love it when her hair long
You should listen to this beat through my headphones


**[Rick Ross's lyrics]**

See yall n****s
Hit the switches on that s*** one time
Lay the top down
I came along way from the weed game
20 stack seats at the Heat game
And I'm still strapped with the heat man
And we stepping' on a n**** feet mayne
8 pair of sneakers, came from the d-game
Cousin was a Crip said it was a c-thang
Brown bag money in a duffle bag
F*** 'em all, wet 'em, yeh we gotta double bag
The homie whipping chickens in his momma's kitchen
On a mission, say he get it for son's tuition
Real n****s dreams coming to fruition
Stumble but I never fall leaning on my pistol
I only love her when that a** fat
We used to listen to this track in my Maybach

I'm just tryna be a billionaire
Come and suck a d*** for a millionaire

**[Jay-Z's Lyrics]**

It's just different, I know it feels different
I only love her if her eyes brown
Play this s*** while you play around with my crown
King H-O, y'all should know by now
If you don't know
Millions on my wall in all my rooms
N****s couldn't f*** with my daughters room
N****s couldn't walk in my daughters socks
Banksy b*****s, Basquiats
I ran through that buck 50, Live Nation fronted me
They working on another deal, they talking 250
I'm holding out for 3, 275 and I just might agree
Ex D-boy, used to park my Beemer
Now look at me I can park at my own Arena
I only love her if her weave new
I'm still a hood n****, what you want me to do?
Been hoppin' out the BM with your bm
Taking her places you can't go with your per-diem
Screaming carpe diem until I'm a dead poet
Robin Williams s***, I deserve a Golden Globe, b****
I take an Ace in the meanwhile
You ain't gotta keep this Khaled, it's just a freestyle
F*** rap money, I made more off crates
F*** show money, I spent that on drapes
Close the curtains, f*** boy out my face
I whip the coke, let the lawyer beat the case
Murder was the case that they gave me
I killed the Hermes store somebody save me
Stuntin' to the max like wavy
Ooh s***, oh stuntin' to the max I'm so wavy
Used to shop in TJ Maxx back in '83
I don't even know if it was open then
I ain't know Oprah then
Had the XL80 bike, loud motor
They be like, d*** when I'm coming through, vroom
Had a grill in '88
Yall n****s is late
You got all that right?

*Complaint for Damages and Injunctive Relief – Page 7*

I love this s*** like my own daughter
And, spray these n****s baby just like daddy taught ya
Young, it's just different.

25.     Defendants' *3 Kings* Song and the accompanying album/cd were released worldwide and are being sold on live tours, via selected retail outlets and through online stores. It is also made available for download purchases, played on radio, television and cable, and has been performed publicly.

26.     Prior to the release of *3 Kings*, Defendants became aware of the need to obtain a license to use Plaintiffs' Song in Defendants' *3 Kings* song. Defendants discussed among themselves the need to obtain a license to Plaintiffs' Song and an email was circulated acknowledging that the Defendants' song *3 Kings* makes direct and explicit use of Plaintiffs' Song, which was shown at http://www.youtube.com/watch?v=IVB2mUXV-XE.

27.     The Defendants' *3 Kings* song and related video can be found at http://www.youtube.com/watch?v=FCfoj2VDqZ4

28.     None of the Defendants contacted Plaintiffs to ask for permission to use Plaintiffs' Song in the *3 Kings* song.

29.     The *God Forgives - I Don't* album lists Weary as one of the writers of the 3 Kings song. Weary, however, was not contacted for permission to use his name or likeness on the Defendants' album.

30.     A video of the *3 Kings* features a montage of clips of Rick Ross, Dr. Dre and Jay Z throughout their careers. This video has received millions of views and contributed to the success of the infringing song. Upon information and belief, the video was prepared at the direction of Defendant Dr. Dre. The video includes very graphic depictions of drug use, vulgarity, nudity, gun violence, criminal conduct, actions demeaning to women and many other

items that are certainly inconsistent with Plaintiffs' wishes for how Plaintiffs' Song would be portrayed.

31.    Additionally, Defendant Dr. Dre (a) wrote lyrics to be used in the infringing song; (b) performed on the infringing song, enabling the infringing music to be widely distributed; and (c) is entitled to a royalty of 16.67% to which he may have assigned payment to Ain't Nothing But Funkin Music company.  Dr. Dre's presence and contribution on the infringing song also allowed the infringement to become more widespread by increasing the exposure and distribution of the infringing song.

32.    Defendant Jay Z (a) wrote lyrics to be used in the infringing song; (b) performed on the infringing song, enabling the infringing music to be widely distributed; and (c) is entitled to a royalty of 16.67% to which he may have assigned payment to Carter Boys Music/EMI April Music, Inc. Jay Z's presence and contribution on the infringing song also allowed the infringement to become more widespread by increasing the exposure and distribution of the infringing song.

33.    Upon information and belief, Defendant Jake One made Plaintiffs' Song available for the other Defendants to record over it, produced the *3 Kings* song, and made substantial contributions to ensure that *3 Kings* was made available for sale and consumption worldwide.

34.    Defendant Rick Ross (a) wrote rap lyrics to be used in the infringing song; (b) performed on the infringing song, enabling the infringing music to be widely distributed; (c) promotes and advertises the infringing song on his album/cd; and (d) is entitled to a royalty of 16.67% to which he may have assigned payment to Four Blunts Lit At Once and First and Gold Publishing companies.  Rick Ross's presence and contribution on the infringing song also

allowed the infringement to become more widespread by increasing the exposure and distribution of the infringing song.

35.     UMG and Def Jam markets and promotes the infringing song across a wide array of formats and platforms.  UMG and Def Jam also sell artist- and music-branded products via multiple sales points such as fashion retail, live performances, and the internet.  This includes sales that were the result of the exposure the individual defendants received through their conduct complained of herein.

36.     UMPG published the 3 Kings song and worked with the other Defendants to allow 3 Kings to be produced, marketed and sold.  UMPG also determined the split and percentage information paid to Defendants for use of Plaintiffs' Song.  These activities contributed to the infringement of Plaintiffs' Song.

37.     As a result of the Defendants' conduct, on or about December 6, 2012, the *God Forgives – I Don't* album was nominated for a Grammy award for Best Rap Album.

38.     The *3 Kings* song that infringes Plaintiffs' Song was largely responsible for the success of the *God Forgives – I Don't* album as well as for the album's Grammy nomination.

39.     The 55th Annual Grammy Awards will be broadcast on February 10, 2013, from the Staples Center in Los Angeles, California and will air on CBS.

40.     Upon information and belief, the Grammy Awards telecast will average more than 20 million domestic viewers, will be broadcast in more than 170 countries, will be seen by nearly a billion worldwide viewers and will be covered by several hundred print and broadcast media outlets around the world.

41.     Once the Grammy Awards are broadcast, the listeners will be alerted to the existence of Plaintiffs' Song, at which time it will be subjected worldwide to the irreparable

harm of being linked to Defendants' Song. This makes court intervention necessary to protect Plaintiffs' valuable intellectual property rights from Defendants' wholesale acts of infringement.

42. On or about November 20, 2012, Plaintiffs' attorney notified Rick Ross, Jake One, Dr. Dre and Jay Z in writing that their actions constituted infringement of Plaintiffs' copyright. The November 20, 2012, notice asked that each Defendant cease and desist from the continuing acts of infringement.

43. In response to the November 20, 2012, letter, Plaintiffs' attorney received correspondence from Rick Ross's attorney and Dr. Dre's attorney. Rick Ross's attorney asserted that they Rick Ross had permission to use Plaintiffs' Song. However, to date neither Rick Ross nor Dr. Dre has produced a valid writing signed by Plaintiffs that would allow Defendants to use Plaintiffs' Song.

44. On or about December 18, 2012, Plaintiffs' attorney submitted a Second Notice of Infringement in writing to Rick Ross, Jake One, Dr. Dre and Jay Z reiterating that their actions constitute infringement of Plaintiffs' copyright work.

45. To date, Jay Z has not responded in writing to either notice of infringement letter from Plaintiffs' attorney.

46. As of the date of this Complaint, Jake One has also not responded to either notice of infringement letter from Plaintiffs' attorney.

47. As of the date of the filing of this Complaint, Rick Ross and Dr. Dre have not indicated that they will cease the infringing activity and destroy all copies of the infringing song.

48. To date, none of the Defendants has produced a valid writing signed by Shepherd or Weary that would give any of the Defendants permission to use or license the use of Plaintiffs' Song as part of Defendants' album.

49.     In spite of Plaintiffs' repeated efforts to resolve this matter without resorting to the courts, Defendants continue to infringe Plaintiffs' copyright and continue to distribute copies of the *3 Kings* song and the *God Forgives – I Don't* album.

50.     Accordingly, Plaintiffs respectfully request that the Court enjoin Defendants' unlawful conduct and, as Plaintiffs are permitted to elect, award actual damages or statutory damages pursuant to the Copyright Act.

51.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

<u>**CAUSES OF ACTION**</u>

**COUNT I - COPYRIGHT INFRINGEMENT UNDER THE COPYRIGHT ACT**

52.     Plaintiffs reiterate and adopt each and every allegation of the aforementioned paragraphs as if set forth herein in full.

53.     Defendants were well aware of Plaintiffs' ownership of the copyright in Plaintiffs' Song and exclusive rights to prepare any derivative works thereof.  Nonetheless, Defendants are making and causing to be made unauthorized copies of the *3 Kings* song that incorporates Plaintiffs' Song. Defendants are also distributing copies of Plaintiffs' Song to the public by creating and making available for purchase and rental songs and albums containing Plaintiffs' Song.

54.     In addition, Defendants are preparing other derivative works based on Plaintiffs' Song, *e.g.*, by producing and making videos of the *3 Kings* song.  Defendants have also performed the *3 Kings* work publicly and have sold other merchandise in connection with the infringing song, all in violation of Plaintiffs' exclusive rights.

55.     Neither Plaintiffs nor any agent representing Plaintiffs have authorized the Defendants to record**,** release, exploit, publicly perform, or prepare a derivative version of Plaintiffs' Song.

56.     Recording, production, distribution, preparation of derivative works, selling ancillary merchandise, and public performance of Plaintiffs' Song constitutes infringement of Plaintiffs' copyright in Plaintiffs' Song and the exclusive rights under copyright in violation of 17 U.S.C. §§ 106 (l)-(4).

57.     Defendants' acts of infringement are willful, intentional, purposeful, in disregard of, and indifferent to Plaintiffs' rights.

58.     As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to actual damages, as well as Defendants' profits from infringement, as will be proven at trial pursuant to 17 U.S.C. § 504 (b).  Alternatively, Plaintiffs are entitled to the maximum statutory damages in the amount of $150,000 per infringement pursuant to 17 U.S.C. § 504 (c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504 (c).

59.     On the other hand, if any Defendant had any express or implied license to use Plaintiffs' Song, Defendants' decision to permit use of Plaintiffs' Song in this graphic rap song constitutes a breach of fiduciary duty, as well as a breach of contract and/or duty of good faith and fair dealing inherent in every agreement.

60.     Plaintiffs are further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. §505.

61.     Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiffs great and irreparable injury that cannot be fully compensated for

or measured in money. Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to injunctive relief prohibiting further infringements of their copyright and exclusive rights under copyright.

## COUNT II – COMMON LAW COPYRIGHT INFRINGEMENT

62.     Plaintiffs reiterate and adopt each and every allegation of the aforementioned paragraphs as if set forth herein in full.

63.     Plaintiffs' Song is unique intellectual property subject to common law copyright protection under the laws of this State.

64.     Neither Plaintiffs nor any agent representing Plaintiffs have authorized the Defendants to release, exploit, or publicly perform Plaintiffs' Song.

65.     Recording, production, distribution, preparation of derivative works, and public performance of Plaintiffs' Song constitutes infringement of Plaintiffs' exclusive rights in and to the common law copyright in Plaintiffs' Song.

66.     Defendants are liable for the common law infringement of Plaintiffs' Song.

67.     Defendants' acts of infringement are willful, intentional, purposeful, in disregard of, and indifferent to Plaintiffs' rights.

68.     As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to compensatory and punitive damages as well as attorneys' fees in an amount to be proven at trial.

## COUNT III – CONTRIBUTORY COPYRIGHT INFRINGEMENT

69.     Plaintiffs reiterate and adopt each and every allegation of the aforementioned paragraphs as if set forth herein in full.

70.     Defendants have knowingly and systematically included Plaintiffs' work in the 3 Kings song.  Defendants also caused the production of the song and materially contributed to the other above-described unauthorized copying and distribution of the Plaintiffs' Song and thus to the infringement of Plaintiffs' copyright.  Defendants' acts such as writing lyrics, performing the lyrics over Plaintiffs' Song, marketing and advertising the infringing works, providing publishing authorizations, compensating the performers, etc. all encouraged or assisted the infringement of Plaintiffs' Song.

71.     Defendants' acts of infringement are willful, intentional, purposeful, in disregard of, and indifferent to Plaintiffs' rights.

72.     As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to compensatory and punitive damages as well as attorneys' fees in an amount to be proven at trial.

## COUNT IV – UNFAIR TRADE PRACTICES & UNFAIR COMPETITION

73.     Plaintiffs reiterate and adopt each and every allegation of the aforementioned paragraphs as if set forth herein in full.

74.     After June 2012, and continuously since that date, Defendants have been publishing, selling, and otherwise marketing Plaintiffs' Song.  Defendants have thus been engaging in unfair trade practices and unfair competition against Plaintiffs.  This conduct has caused Plaintiffs irreparable damages.

## COUNT V - UNFAIR COMPETITION BY MISAPPROPRIATION

75.     Plaintiffs reiterate and adopt each and every allegation of the aforementioned paragraphs as if set forth herein in full.

76.     Defendants' actions, as set forth herein, including but not limited to, Defendants' use of Plaintiffs' Song and Plaintiffs' name(s) in connection with distribution and sales of the *3 Kings* song and the *God Forgives – I Don't* album, constitute unfair competition under the Lanham Act and the common law of this State, and are unlawful attempts by Defendants to obtain access to and derive profits at Plaintiffs' detriment.

77.     Defendants' actions have damaged Plaintiffs and unjustly enriched Defendants. As a result of Defendants' unlawful behavior, Plaintiffs have suffered actual damages and other losses, including: (1) lost profits; (2) damage to the favorable reputation and goodwill associated with Plaintiffs and Plaintiffs' Song; (3) the loss of market value in Plaintiffs' Song; and (4) costs that Plaintiffs have or will have to incur in attempting to restore some of the value associated with the Plaintiffs' Song. The injury to Plaintiffs caused by Defendants' actions is irreparable, continuing, and of a type for which Plaintiffs may have no adequate remedy at law.

## COUNT VI - CONVERSION

78.     Plaintiffs reiterate and adopt each and every allegation of the aforementioned paragraphs as if set forth herein in full.

79.     Upon information and belief, Defendants procured the Masters of the Plaintiffs' Song or downloaded Plaintiffs' Song from the internet and used these physical copies to record the *3 Kings* song.

80.     Defendants' actions constitute an unlawful and wrongful assumption and exercise of dominion and control over Plaintiffs' personal property, to the exclusion of or inconsistent with Plaintiffs' rights.

81.     As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to compensatory and punitive damages in an amount to be proven at trial.

## COUNT VII - CIVIL CONSPIRACY

*Complaint for Damages and Injunctive Relief – Page 16*

82.     Plaintiffs reiterate and adopt each and every allegation of the aforementioned paragraphs as if set forth herein in full.

83.     Upon information and belief, two or more of the Defendants had an agreement to participate in an unlawful act, or a lawful act in an unlawful manner.  These acts were done pursuant to and in furtherance of a common scheme and caused injury to Plaintiffs.   For example, Defendants conspired to produce unauthorized works or derivative works and to distribute unauthorized works or derivative works without acquiring the proper clearance of rights from Plaintiffs in furtherance of the conspiracy, thereby harming Plaintiffs.

84.     Upon information and belief, Defendants UMPG, UMG, Def Jam and Rick Ross also conspired to compile documents with which UMPG would contend constitutes a publishing license for Rick Ross to use Plaintiffs' Song.

85.     Ironically, Rick Ross, coincidentally, just happens to be signed as a solo artist to Def Jam, the record label owned by the same company that contends it has found documents that establishes that it owns exclusive publishing rights to Plaintiffs' Song.  At the time of the *3 Kings* song, however, UMPG, UMG, Def Jam and Rick Ross were all aware that they did not have a valid writing giving any of them permission to use Plaintiffs' Song.

86.     Defendants further conspired to use Weary's name on the *3 Kings* song for their own profit without Weary's permission, which has caused damage to his image and reputation.

87.     Plaintiffs are entitled to damages and further relief as a result of Defendants' acts of civil conspiracy.

## COUNT VIII – UNJUST ENRICHMENT

88.     Plaintiffs reiterate and adopt each and every allegation of the aforementioned paragraphs as if set forth herein in full.

89.     Defendants have been unjustly enriched by their use of Plaintiffs Song on Defendants' CD/album and failure to pay Plaintiffs for the use of Plaintiffs' Song, and Plaintiffs have been damaged thereby.

90.     Defendants are therefore liable to Plaintiffs for unjust enrichment and Plaintiffs are entitled to damages and further relief as a result of this unjust enrichment.

## COUNT IX - REQUEST FOR INJUNCTIVE RELIEF

91.     Plaintiffs reiterate and adopt each and every allegation of the aforementioned paragraphs as if set forth herein in full.

92.     Defendants knew that Plaintiffs owned a valid copyright to the song used by Defendants for the *3 Kings* song.  None of the Defendants made contact with Plaintiffs to discuss licensing Plaintiffs' Song for use by Defendants.

93.     Defendants' use of the work has destroyed or is destroying Plaintiffs' reputations, is violating Plaintiffs' right to prevent the use of their names as the authors of the work where it is prejudicial to their honor or reputation, and is violating Plaintiffs' rights to protect the integrity of their gospel work.  Use of Plaintiffs' name(s) on Rick Ross's rap album also causes market confusion as to the approved source of the *3 Kings* song.

94.     If Defendants are allowed to continue to perform, sell, and distribute the *3 Kings* song, as well as the album that contains Plaintiffs' Song, in relation to Rick Ross's Grammy nomination and otherwise, it will cause irreparable damages to Plaintiffs.  Defendants' conduct will not be compensable solely in money damages.  Plaintiffs' only remedy is injunctive relief.

95.     Plaintiffs therefore request that the Court enter a preliminary injunction in this action since: (1) as a result of Defendants' past and future conduct, there is a clear likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of

hardships tipping decidedly in the Plaintiffs' favor; (2) Plaintiffs are likely to suffer irreparable injury in the absence of an injunction; (3) the balance of hardships between the Plaintiffs and Defendants tip in the Plaintiffs' favor; and (4) the public interest would not be disserved by the issuance of a preliminary injunction.

96.     Plaintiffs also request that a permanent injunction be entered to put an end to Defendants' copyright infringement, unfair competition, conversion and unjust enrichment; and from Defendants' further use of the Plaintiffs' Song.

## REQUEST FOR HEARING

97.     Plaintiffs ask that the Court set their request for preliminary injunction for hearing at the earliest possible time and, after the request, issue a preliminary injunction against Defendants.

## JURY DEMAND

## PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.

## PRAYER

WHEREFORE, Plaintiffs request the following:

a.     a finding that Defendants have directly and contributorily infringed Plaintiffs' copyright in violation of 17 U.S.C. § 501(a);

b.     a finding that Defendants violated Plaintiffs' common law copyright;

c.     a finding that Defendants' infringement of Plaintiffs' copyrights was willful, intentional, and malicious;

d.     a finding that this matter should be referred to the United States Attorney for prosecution of these defendants under 17 U.S.C § 506(a) and 18 U.S.C. § 2319;

e.     a judgment for punitive, exemplary, and enhanced damages in an amount as may be awarded at trial;

f.     an Order enjoining Defendants, their subsidiaries, affiliates, officers, agents, servants, employees, and participants with them who receive actual notice of the Order by personal service or otherwise, from directly infringing and from inducing infringement of Plaintiffs' copyright;

g.     an Order of impoundment under 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiffs' copyrighted works that can be found in Defendants' possession or control, including the complete albums on which Plaintiffs' song can be found'

h.     an Order awarding Plaintiffs the damages to which they are entitled due to Defendants' actions and infringement of Plaintiffs' copyrights, and enhancing such damages for the deliberate and willful nature of the infringement, and awarding interest thereon in the form of both prejudgment interest and post-judgment interest;

i.     a finding that the amount of damages awarded or recovery be based on profits, or alternatively awarding Plaintiffs statutory amounts pursuant to 17 U.S.C. § 504(c);

j.     awarding Plaintiffs their costs and expenses herein, and reasonable attorneys' fees under 17 U.S.C. § 505;

k.     an Order that Defendants have injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

l.     a finding that Defendants have committed acts of unfair competition;

m.     a finding that Defendants conspired to commit the acts complained of in violation of the law;

n.     a finding that Defendants have committed acts of conversion in violation of the law;

o.     a finding that Defendants have committed acts of unjust enrichment in violation of state common law;

p.     an Order providing that Defendants be directed to file with this Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which Defendants have complied with the injunction;

q.     an Order awarding Plaintiffs the damages and attorneys' fees to which they are entitled due to Defendants' conduct, and awarding interest thereon in the form of both prejudgment and post-judgment interest;

*Complaint for Damages and Injunctive Relief – Page 20*

r.    an Order that an equitable accounting be directed to determine Defendants' profits resulting from their acts of copyright infringement and unfair competition and that such profits be paid over to Plaintiffs as an equitable remedy;

s.    an Order that Defendants are jointly and severally liable to Plaintiffs for the full amount of the Judgment and all damages and fees awarded to Plaintiffs on their causes of action;

t.    an Order for prejudgment and post judgment interests according to the law; and

u.    an Order granting Plaintiffs such other and further relief, in law or in equity, both general and special, to which they may be entitled.


Respectfully submitted,


/s/ James D. Montgomery, Jr.
James D. Montgomery, Jr.
ARDC No. 6183323

**COCHRAN, CHERRY, GIVENS,
SMITH & MONTGOMERY, LLC**
One North LaSalle Street, Suite 2450
Chicago, Illinois 60602
(312) 977-0200

**ATTORNEYS FOR PLAINTIFFS**