IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLARA SHEPHERD WARRICK, et al., )
                                )
            Plaintiffs,         )
                                )
    v.                          )   No. 13 C 987
                                )
WILLIAM ROBERTS, II, et al.,    )
                                )
            Defendants.         )

MEMORANDUM ORDER

With two lone (but critical) exceptions, there is virtually nothing (if anything at all) on which the litigants agree in this purported copyright infringement action brought by Clara Shepherd Warrick ("Warrick") and Jimmy Lee Weary ("Weary"). Here are those two exceptions:

> 1. More than 35 years ago, back in 1976, Warrick and Weary co-authored a musical composition that they titled "I'm So Grateful (Keep in Touch)" (hereafter "the Work").
>
> 2. Neither Warrick nor Weary ever preregistered or registered any copyright claim to the Work before bringing this lawsuit.

That undisputed combination of facts brings into play an unambiguous provision of the Copyright Act ("Act")-- 17 U.S.C. §411(a)[1]--that specifies (subject to two exceptions inapplicable here):

---

[1] Further citations to that statute will simply take the form "Act §411(a)," omitting the prefatory "17 U.S.C."

> [N]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

Three of the defendants have understandably moved under Fed. R. Civ. P. ("Rule") 12(b)(6) to dismiss the Complaint for failure to satisfy that requirement, and although each side has filed not one but two extensive memoranda dealing with that and various other aspects of their dispute, this memorandum order will first address that portion of the case, with any remaining discussion intended to focus the parties' attention on what path to pursue next.

As for that statutory deficiency, our Court of Appeals has been equally unambiguous in confirming the mandatory nature of the Act §411(a) requirement--here for example is the succinct statement in <u>Automation by Design, Inc. v. Raybestos Prods. Co.</u>, 463 F.3d 749, 752 n.1 (7th Cir. 2006)(emphasis added):

> Registration is not a condition of copyright protection, but is <u>necessary</u> before an infringement suit may be filed in court.

And that proposition was elaborated on during that same year in <u>Brooks-Ngwenya v. Thompson</u>, 202 Fed. App'x 125, 126-27 (7th Cir. 2006):

> Registration is a condition to copyright-infringement litigation. "[N]o action for the infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. §411(a).

\*     \*     \*

> The statute makes registration or preregistration necessary. That's all there is to it. Registration is not complex (it is no harder that filing a lawsuit), and distractions must be overcome if authors want to litigate.
>
> Brooks-Ngwenya tells us that she registered the work on May 19, 2006, while her appeal was pending. That is too late to save this litigation. A rule in the form "no action shall be instituted until..." means that the condition must be fulfilled before the litigation begins. Satisfaction of the condition while the suit is pending does not avoid the need to start anew.

It is true that the Supreme Court's leter decision in <u>Reed Elsevier, Inc. v. Muchnick</u>, 130 S.Ct. 1237, 1249 (2010), after deciding that Act §411(a)'s requirement was not a subject-matter jurisdictional limitation, then "decline[d] to address whether §411(a)'s registration requirement is a mandatory precondition to suit that...district courts may or should enforce <u>sua sponte</u> by dismissing copyright infringement claims involving unregistered works." But having done so, the Supreme Court did not question the characterization of the statutory requirement as "a mandatory precondition to suit ," nor did it at all question the propriety of a dismissal in response to a defendant's motion (as contrasted with a court's sua sponte action).

Under the circumstances this Court agrees entirely with the analysis in <u>Compound Stock Earnings Seminars, Inc. v. Dannenberg</u>, No. 3:10-CV-2201-D, 2012 WL 28121, at \*2 (N.D. Tex. Jan. 4) that dismissal for noncompliance with that precondition remains

appropriate. It therefore dismisses Complaint Count I, the only federal-question count.

As for plaintiffs' effort to carve this action up into nine (!!) "counts," each of which asserts a different theory of recovery, that emulation of the state practice of advancing "causes of action" rather than the federal concept of "claim for relief" does not save the entire Complaint from the current order of dismissal.[2] If there were any question about counsel's misunderstanding of that fundamental difference between state court and federal court practice, it would be dispelled by counsel's "CAUSES OF ACTION" caption that heads up Complaint Count I's copyright infringement claim and the eight state law claims that follow it. Moreover, Complaint ¶7 acknowledges that jurisdiction over the state law claims rests on "principles of pendant and ancillary jurisdiction," so that this Court's power over those claims collapses with the dismissal of the single federal-question count.

Perhaps more to the point in connection with any future effort by plaintiffs and their counsel to refile this action (they have now filed a purported type of registration with the Copyright Office), they should recognize that at this threshold

---

[2] In that respect plaintiffs' counsel might do well to read--indeed, perhaps commit to memory--Judge Easterbrook's lucid explanation in NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992).

4

stage the multiple state law "counts" look pretty much like spokes emanating from the common hub of a copyright claim for relief, so that the parties are urged to focus first on that subject rather than on the asserted deficiencies that defendants' motion to dismiss has identified and that plaintiffs' counsel have sought to refute as to the various state law claims. In that respect the issue appears to boil down to the content of the music publishing agreements that defendants say were entered into back in 1976--agreements that then served as the basis for the copyright registration by defendants' predecessor, ABC/Dunhill Music, Inc. From the parties' memoranda it appears that defense counsel provided copies of those agreements to plaintiff's counsel during their correspondence that preceded the filing of this action, and plaintiffs' counsel are expected to attach those agreements and that correspondence as exhibits to any new complaint so that they may be considered in conjunction with any Rule 12(b)(6) motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 15, 2013